IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

Vanessa McClain

    Plaintiff,

                                            Civil Action No._____

WAL-MART/SAM'S CLUB

SERVE:      Registered Agent
                C T Corporation Systems
                120 S. Central Ave.
                Clayton, MO 63105

    Defendant.                              **JURY TRIAL DEMANDED**

## COMPLAINT

The plaintiff Vanessa McClain ("McClain" by her counsel, submits her complaint against the defendant WalMart/Sam's Club ("WMSC"), representing unto the Court as follows:

This is a civil action seeking compensatory and punitive damages as a result of discrimination against her because of her race in her position as Cashier and experiencing a hostile work due to her female sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 ("Title VII") and Title VII, 28 U.S.C. § 1658.

## THE PARTIES

1. McClain is an individual residing in the Joplin, Missouri. She is a cashier at WMSC.

2. WMSC is a corporate entity a division of Walmart Stores a publicly traded company

which is the business of selling bulk consumer goods) in the City of Joplin, MO.

3. At all times during the events complained of herein WMSC employed a sufficient number of individuals to be deemed a "respondent" for purposes of Title VII as understood under 42 U.S.C. §1981a(b)(3)(D) and Title VII, 28 U.S.C. § 1658.

## JURISDICTION AND VENUE

4. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question Jurisdiction) and 28 U.S.C. § 1343 (3) (violation of civil rights) Title VII, 28 U.S.C. § 1658 (violation of ADA).  Venue is proper in this District as defendant does business in the entire state of Missouri.

## ALLEGATIONS

5. McClain joined WMSC as a cashier and had started work with WMSC in November (2017).  After working for WMSC for a short time, McClain required surgery on her heart, which required her to be off work for an extended period of time.

6. After being released to return to work with restrictions, WMSC refused to Accommodate McClain and ultimately has refused to allow McClain to return to work even when the were lifted.

7. McClain alledges that the treatment she received is not meted out fairly amongst all cashiers.  Instead there appears to be culture and environment that allows white employees with the same or similar doctor restrictions to return to work with accommodations provided.

8. McClain states that at every attempt to resume her job, she was provided multiple differing reasons for not being allowed back on the work schedule.

## COUNT I
### CLAIM AGAINST LPC FOR RACE DISCRIMINATION
### UNDER TITLE VII, 42 U.S.C § 2000E-2

9. By subjecting McClain to discrimination in the terms and conditions of her employment on account of her race, as described herein on the part of Supervisors, WMSC violated her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

10. McClain's injuries under this Count entitle her to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and profession reputation, (c) injury to her future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988, and (f) costs of suit.

## COUNT II
### CLAIM AGAINST WMSC FOR HOSTILE WORK ENVIRONMENT
### UNDER TITLE VII, 42 U.S.C. § 2000e-2

11. By persistently discriminating against McClain on account of her race, including engaging in a pattern and practice of disrespecting her as and fellow employees on account of her race, as described herein, WMSC subjected her to discriminatory conduct that was sufficiently sever and pervasive to alter the conditions of her employment and create a hostile working environment. Such that WMSC violated her rights under Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. § 2000 e-2.

12. McClain's injuries under this Count entitle her to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and profession reputation; (c) injury to her future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C § 1988; and (f) costs of suit.

**Count III**
CLAIM AGAINST WMSC FOR VIOLATING HER RIGHTS
UNDER TITLE VII, 28 U.S.C. § 1658

13. By persistently discriminating against McClain on account of her disability, including engaging in a pattern and practice of disrespecting her as and to fellow employees on account of her disability, as described herein, WMSC subjected her to discriminatory conduct that was sufficiently severe and pervasive to alter the conditions of her employment and create violate her rights by refusing to make accommodations. Such that WMSC violated her rights under Title VII, 28 U.S.C. § 1658.

14. McClain's injuries under this Count entitle her to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and profession reputation; (c) injury to her future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C § 1988; and (f) costs of suit.

WHEREFORE, the plaintiff Vanessa McClain, demands a judgment against the defendant Sam's Club in the amount of $250,000.00, in compensatory and punitive damage; plus attorney's fees, costs of suit and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

SIMS & BAILEY, L.L.C.

BY: /s/ Paul E. Sims
PAUL E. SIMS #50536MO
Attorney for Plaintiff
4387 Laclede Ave.
St. Louis, Missouri 63108
(314) 534-0800
Blast357@gmail.com