UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VANESSA MCCLAIN, | ) |
| | ) |
| Plaintiffs, | ) No. 4:20-CV-1607 RLW |
| | ) |
| v. | ) |
| | ) |
| WAL-MART/SAM'S CLUB, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its review of the record. On November 11, 2020, Plaintiff Vanessa McClain filed a Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 ("Title VII").[1]

## BACKGROUND

In the Complaint, Plaintiff alleges that she is "an individual residing in Joplin, Missouri" and that she is a cashier at "Defendant WMSC [WalMart/Sam's Club]". (Complaint, ECF No. 1, ¶1). Plaintiff states that WMSC is in the business of selling consumer goods "in the City of Joplin, MO." (Complaint, ¶3). Plaintiff purports to allege claims for race discrimination in violation of Title VII (Count I), hostile work environment in violation of Title VII (Count II), and a claim that Defendant WMSC "violated her rights under Title VII, 28 U.S.C. §1658" (Count III). Plaintiff requests compensatory and punitive damages, attorneys' fees, costs of suit, and other relief. (Complaint, p. 4).

---

[1] Plaintiff also asserted a violation of "Title VII, 28 U.S.C. §1658." (ECF No. 1, p. 1). Title VII, 28 U.S.C. §1658, however, relates to time limitations on the commencement of civil actions arising under Acts of Congress.

## DISCUSSION

28 U.S.C. §1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district...." *See Thompson v. Stryker Corp.*, No. CV 10-1560 (PAM/JJK), 2010 WL 11640225, at *2 (D. Minn. Oct. 14, 2010) ("Unlike subsection (b), which requires 'motion, consent, or stipulation of all parties' for a transfer to another division, subsection (a) allows the Court to consider sua sponte the propriety of transfer to a more convenient forum."); *Clark v. Transam. Life Ins. Co.*, No. 4:09-cv-877, 2010 WL 2899377, at *3 (E.D. Ark. June 18, 2010) (raising the forum non conveniens issue sua sponte in an order on motion for judgment on the pleadings); *see also I-T-E Circuit Breaker Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965) (discussing the difference in the two subsections of section 1404, and noting "implied recognition" of court's power to order section 1404 transfer sua sponte). When considering whether to transfer an action under section 1404(a), the Court must engage in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); *Thompson v. Stryker Corp.*, No. CV 10-1560 (PAM/JJK), 2010 WL 11640225, at *3 (D. Minn. Oct. 14, 2010).

All of the factors discussed weigh in favor of a transfer of Plaintiff's case to the Western District of Missouri. The convenience of the parties and the witnesses undoubtedly favors a transfer of this action because Plaintiff resides in and this action arose in Joplin, Missouri. Similarly, the interests of justice also weigh in favor of a transfer. The Court holds that no efficiency could be gained in keeping this action in a district that has absolutely no connection to Plaintiff or to the facts.

- 3 -

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. §1404(a), this action is **TRANSFERRED** to the United States District Court for the Western District of Missouri.

Dated this 30th day of November, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**